IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JUANITA WALKER, on behalf of herself and all other employees similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>SERVICE CORPORATION INTERNATIONAL; SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., JANE D. JONES, GWEN PETTEWAY and THOMAS RYAN,<br><br>       Defendants. | Case No. 4:10-CV0048-JLK |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**

## TABLE OF CONTENTS

STATEMENT OF THE ISSUES.......................................................................1

INTRODUCTION AND SUMMARY OF ARGUMENT ...................................1

BACKGROUND ...........................................................................................2

ARGUMENT .................................................................................................4

    I.    Plaintiff's Claims are Preempted by the FLSA. ...........................4

        A.    Courts Routinely Dismiss State Law Claims as Preempted by the FLSA ...........................................................................5

        B.    Plaintiff's Claims are Based On the Same Facts and Circumstances as Her FLSA Claims in *Stickle* ..................................7

    II.    The Rule Against Duplicative Litigation Mandates Dismissal of Plaintiff's Complaint ...............................................................9

        A.    This Court Has Inherent Power to Dismiss a Duplicative Class Action ...........................................................................9

        B.    This Complaint Is Duplicative of the "First-Filed" *Stickle* Action ..... 11

    III.    All of Plaintiff's Claims are Defective .......................................12

        A.    Plaintiff's Express And Implied Contract Claims (Counts One and Four) Should Be Dismissed. .......................................12

        B.    Plaintiff's Fraud and Misrepresentation Claims (Count Two and Six) Should Be Dismissed.........................................12

            1.  Plaintiff Has Failed to Sufficiently Allege Fraud .........................13

            2.  Plaintiff Improperly Recasts Her Contract Claims As Tort Claims.............................................................14

        C.    Plaintiff's Unjust Enrichment/Restitution Claim (Count Three) Should Be Dismissed ...................................................16

        D.    Plaintiff's Conversion Claim (Count Five) Should be Dismissed......17

CONCLUSION.............................................................................................17

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Adam v. Jacobs,* 950 F.2d 89, 93 (2d Cir. 1991) ....................................................... 10

*Alexander v. Vesta Ins. Group, Inc.*, 147 F. Supp.2d 1223, 1240-41 (N.D. Ala. 2001) ................ 7

*Anderson* ........................................................................................................ 5, 6

*Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007) .................................... 5

*Anderson*, 508 F.3d 181 ................................................................................... 5

*Anderson*, 508 F.3d at 194 ................................................................................ 9

*Ashcroft v. Iqbal*, --- U.S. --, 129 S.Ct. 1937, 1949 (2009) ...................................... 4

*Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937,1949 (2009) ...................................... 12

*Augusta Mutual*, 274 Va. at 205, 645 S.E.2d at 293 .................................................. 15

*Bell Alt. Corp. v. Twombly*, 50 U.S. 544, 555 (2007) ............................................... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .............................................. 12

*Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 810, 812 (6th Cir. 2010) .......................... 4

*Canada Life Assur. v. Converium*, 210 F. Supp.2d 322, 236 (S.D.N.Y. 2002) ..................... 4

*Cerdant, Inc. v. DHL Express (USA), Inc.*, 2009 WL 723149 at *6 (S.D. Ohio March 30, 2009)

............................................................................................................. 17

*Chen v. Street Beat Sportswear, Inc.*, 364 F. Supp.2d 269 (E.D.N.Y. 2005) ..................... 7

*Choimbol v. Fairfield Resorts, Inc.*, No. 2:05-cv-463 (E.D. Va. Sept. 11, 2006) ............... 5

*Ciarochi v. Ciarochi*, 194 Va. 313, 315, 73 S.E.2d 402, 403 (1952) ............................. 14

*Colorado River Water Conservations Dist. v. U.S.,* 424 U.S. 800, 817 (1976) ................... 9

*Cruise v. Doyle*, 2008 WL 116703, at *2 (S.D.N.Y. Jan. 9, 2008) ................................ 12

*Di Giovanni v. Camden Fire Ins. Assn'n*, 296 U.S. 64, 69 (1935) ................................ 16

*Dunn Constr. Co. v. Cloney*, 278 Va. 260, 266-67, 682 S.E.2d 943, 946 (2009) ......................... 15

*E.E.O.C. v. University of Pa.,* 850 F.2d 969, 971-72 (3d Cir. 1988) ........................................... 10

*Ellicott Machine Corporation v. Modern Welding*, 502 F.2d 178, p. 187 n. 2 (4th Cir. 1974).... 11

*Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004) ................................................ 12

*Foreign Mission Bd. v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991) ........................... 15

*Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 686, 688 (E.D. Tenn. 2005) ............... 11

*Id.* .................................................................................................................................................. 6

*Id.* at 193. .................................................................................................................................... 6

*Id.* at 194. .................................................................................................................................... 6

*Iqbal*, 29 S.Ct. at 1937 ................................................................................................................ 16

*Johnston v. Davis Security, Inc.*, 217 F.Supp.2d 1224 (D. Utah 2002) ......................................... 7

*Kendall v. City of Chesapeake,* 174 F.3d 437, 443 (5th Cir. 1999) ............................................... 6

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952) ................................... 9

*Landis v. North Am. Co.*, 299 U.S. 248, 245 (1936) ..................................................................... 10

*Mortarino v. Consultant Eng'g Servs.*, 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996) ............... 14

*Nettles v. Techplan Corp.,* 704 F. Supp. 95, 100 (D.S.C. 1988) ............................................... 5, 7

*New Beckley Mining Corp., v. International Union,* UMWA, 946 F.2d 1072, 1073 (4th Cir.

    1991) ...................................................................................................................................... 10

*Old Dominion Freight Line, Inc. v. Standard Sec. Life Ins. Co. of NY*, 2007 WL 6013705 (Va.

    Cir. Ct. 2007) ......................................................................................................................... 15

*PBM Nutritionals v. Dornoch*, 667 F.Supp.2d 623, 632, (E.D.Va. 2009) ................................... 11

*Richmond Metro. Auth. v. McDevitt St. Bovis*, 507 S.E.2d 344, 347 (Va. 1998) ......................... 15

*Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558, 507 S.E.2d 344, 347 (1998) ................................................................................................................ 15

*Roman v. Maietta Constr., Inc.,* 147 F.3d 71, 76 (1st Cir.1998) .................................................... 5

*Roman,* 147 F.3d at 76 .............................................................................................................. 6, 9

*Romine v. CompuServe Corp.*, 160 F.3d 337, 341 (6th Cir. 1998)............................................... 10

*See Abi-Najm v. Concord Condominium, LLC*, 699 S.E.2d 483, 488 (Va. 2010)....................... 15

*see also Provident Life & Accident v. Walker*, 9067 F.2d 985, 993 (4th Cir. 1990) ................... 16

*See Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979) ............................................................ 10

*See Schmidt v. Household*, 661 S.E. 2d 834, 842, 276 Va. 108, 116 (2008) ............................... 16

*See, e.g., Van Deusen v. Snead*, 247 Va. 324, 328-29, 441 S.E.2d 207, 209-10 (1994)............... 14

*Shugart v. Ocwen Loan Servicing, LLC*, No. 2:09-cv-1123, 2010 WL 3894155, at *2 (S.D. Ohio Sept. 28, 2010) ...................................................................................................................... 13

*Sorensen v. CHT Corp.*, Nos. 03 C 1609 and 03 C 7362, (consolidated proceedings) (N.D. Ill. March 9, 2004).......................................................................................................................... 7

*Station #2, LLC v. Lynch*, 695 S.E.2d 537, 540 (Va. 2010)......................................................... 15

*Station No. 2 v. Lynch*, 280 Va. 166, 167 (2010)........................................................................ 13

*Steavens v. Electronic Data Systems Corp.*, 2008 WL 5062847 at *1 (E.D. Mich. Nov. 25, 2008) ...................................................................................................................................... 11

*Tate v. Werner*, 68 F.R.D. 513, 520 (E.D.Pa. 1975).................................................................... 10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007) .................................. 2

*Tombrello v. USX Corp.*, 763 F. Supp. 541, 544 (N.D. Ala. 1991)................................................ 5

*Twombly*, 550 U.S. at 544............................................................................................................ 16

*U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008)............... 14

*United Leasing Corp. v. Thrift Ins. Corp.*, 440 S.E.2d 902 (Va. 1994) ........................................ 17

*Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) .................................................. 4

*White v. Peco Foods, Inc.*, 546 F.Supp. 2d 339, 342 (S.D. Miss. 2008) ...................................... 11

*White v. Williams*, 179 F. Supp. 2d 405, 423 (D.N.J. 2002) .......................................... 10

*Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) ................................ 3

**Other Authorities**

29 U.S.C. §§ 206-207 ...................................................................... 4

29 U.S.C. §§ 215-217 ...................................................................... 5

**Rules**

Fed.R.Civ.P. 9(b) ......................................................................... 13

**STATEMENT OF THE ISSUES**

Whether this Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff's claims are preempted by the FLSA, violate the rule against duplicative litigation, are insufficiently plead, or fail to state a valid claim.

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Since 2004, Plaintiff's counsel[1] has been pursuing Fair Labor Standard Act ("FLSA") and other wage claims against Defendants in multiple courts around the country.  In that pursuit, in January 2008, Plaintiff's counsel asserted a case in Arizona alleging FLSA and other violations against Defendants in *Stickle, et al. v. SCI Western Market Support Center, L.P. a/k/a SCI Western Market Support Center, Inc.; SCI Eastern Market Support Center, L.P.; SCI Houston Market Support Center, L.P.; SCI Funeral and Cemetery Purchasing Cooperative, Inc.; Service Corporation International; Jane D. Jones; Gwen Petteway; Thomas Ryan; Curtis Briggs; The SCI 401K Retirement Savings Plan; and Julie Douglas*, *("Stickle")*[2].

In *Stickle*, more than 10,000 current and former employees of various subsidiaries of Defendant Service Corporation International ("SCI")  received notice of their right to participate in the lawsuit; more than 93% of those individuals elected <u>not</u> to participate.  Not satisfied with that result, Plaintiff's counsel tried various means to pull the unwilling into their litigation against Defendants.  Their latest effort is this matter, together with 17 other state law complaints, which they hope this Court will certify as a Rule 23 class action.  However, as discussed below, as courts around this country have held, claims for unpaid wages such as those asserted by Plaintiff

---

[1] Reference to Plaintiff's counsel refers to the law firms of Thomas & Solomon, LLP and Margolis Edelstein.  *See* Compl. ¶ 207.

[2] United States District Court in and for the District of Arizona, Case No. 2:08-cv-00083-MHM

in this action are preempted by the FLSA and therefore must be dismissed.  Plaintiff's claims are also subject to dismissal because they are duplicative of the claims currently pending in *Stickle*. Further, most of Plaintiff's claims are defective on the face of the Complaint because they fail to meet basic pleading standards or they fail to state a claim upon which relief may be granted.

**BACKGROUND**

In 2006, Plaintiff's counsel initiated FLSA and other wage claims against SCI in *Prise, et al.  v. Alderwoods Group, Inc.*, No. 06-1641 in the United States District Court for the District of Pennsylvania ("Prise").  (*See* Compl. ¶ 2).  The *Prise* Court dismissed SCI, so Plaintiff's counsel then asserted state law wage claim actions, including on behalf of Virginia employees, in California State Court in and for the County of Alameda, Case No. RG07334646. (*See* Compl. ¶ 9).  The California State Court action was the first lawsuit to name SCI Funeral and Cemetery Purchasing Cooperative Inc., SCI Houston Market Support Center, Jane D. Jones, Gwen Petteway and Thomas Ryan as Defendants.  Defendants removed the California action to the United States District Court for the Northern District of California, Case No. CV-08-1190 SI. (*See* Compl. ¶ 12).

For two years after the California case was removed to federal court, Plaintiff's counsel vigorously litigated and attempted to obtain, pursuant to Fed. R. 23, certification of a nationwide class that would have included employees in Virginia.  Plaintiff abandoned those efforts on January 15, 2010, when Plaintiff's counsel filed a Notice of Withdrawal of Plaintiff's Motion for Rule 23 Class Certification.[3]  In July 2010, the Plaintiffs in the California action sought and

---

[3]   In evaluating a motion to dismiss, the court will consider the complaint, documents incorporated in the complaint by reference, and matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007). A court may take judicial notice of

obtained an Order dismissing the claims asserted in Plaintiffs' Second Amended Complaint relating to state law claims of employees in states other than California.  (*See* Compl. ¶¶ 14-16).

In January 2008, while simultaneously prosecuting the California action, Plaintiff's counsel filed *Stickle*.  A copy of the *Stickle* Complaint is attached as Exhibit 1.  The named Plaintiff here, Juanita Walker, is an opt-in Plaintiff in *Stickle*. (*See*, *Stickle* Dkt. No. 401 attached as Exhibit 2).   In *Stickle*, Plaintiff alleges that Defendants violated the FLSA by failing to compensate her for all hours worked.

On September 30, 2009, under the FLSA's lenient standard, the *Stickle* Court granted Plaintiff's request to conditionally certify a class of current and former employees. Subsequently, *Stickle* opt-in notices were issued to more than 10,000 current and former employees of various subsidiaries of SCI (none of those subsidiaries are defendants in this case) notifying individuals of the right to pursue wage and hour claims against these Defendants.  A mere 7% of those receiving notice chose to participate.  In other words, more than 93% of the putative class members decided not to join the *Stickle* action.  The *Stickle* action is presently in the early certification discovery stages.

On October 5, 2010, Plaintiff Juanita Walker filed this class action Complaint in the District Court for the Western District of Virginia.  Although Plaintiff's claims in this lawsuit are couched in state contract and tort law, they are based on the identical facts and allegations as Plaintiff's FLSA claims in *Stickle*.  For instance, just like *Stickle*, Plaintiff alleges here that Defendants maintained: (1) a community work policy, (2) an on-call pay policy, (3) a meal break policy, and (4) an unrecorded work time policy, all of which caused her not to be paid wages or

---

other court proceedings without converting the motion into one for summary judgment. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008).

overtime that she earned.  *See* Compl. ¶ 24.  Similarly, just like in *Stickle*, Plaintiff here alleges that Defendants failed to keep adequate records regarding hours worked.  *Id*. at ¶¶ 235-236.

Plaintiff also seeks the exact same relief in this case as she is seeking in *Stickle*.  Under her Prayer for Relief (Compl. p. 43), Plaintiff here seeks an order enjoining Defendants from pay violations, an award of unpaid wages, and an award of attorneys' fees and costs.  In her Demand for Relief in *Stickle* (*Stickle* Compl. "Wherefore clause," p. 46), Plaintiff also seeks an order enjoining Defendants from pay violations, an award of unpaid wages, and an award of attorneys' fees and costs.  In essence, Plaintiff is attempting to recast her FLSA allegations as tort and contract claims in another forum.

## ARGUMENT

To survive a 12(b)(6) motion to dismiss, a complaint must contain "more than labels and conclusions;" it must "raise a right to relief above the speculative level."  *Bell Alt. Corp. v. Twombly*, 50 U.S. 544, 555 (2007).  Thus, "[d]ismissal is proper where a plaintiff fails to plead the basic elements of a claim."  *Canada Life Assur. v. Converium*, 210 F. Supp.2d 322, 236 (S.D.N.Y. 2002).  In this regard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. --, 129 S.Ct. 1937, 1949 (2009)  In considering whether a plaintiff has properly raised a right to relief, the court may consider the pleadings, statements or documents incorporated by reference into the pleadings, and matters subject to judicial notice.  *See, e.g.*, *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 810, 812 (6th Cir. 2010); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

### I.    Plaintiff's Claims are Preempted by the FLSA.

At its most fundamental level, the FLSA creates statutory rights for employees to be paid for the time that they work, and to earn additional pay for their work in excess of 40 hours per week.  *See* 29 U.S.C. §§ 206-207.  To enforce these rights, the FLSA contains a unique scheme

4

which permits workers to file private actions for unpaid wages or overtime, and to recover their unpaid wages, liquidated damages, and costs and attorney's fees. *See* 29 U.S.C. §§ 215-217. Congress' intention to create exclusive remedies is clear in that "the FLSA mandates that the commencement of an action by the Secretary of Labor terminates an employee's own right of action - a special feature of the FLSA's enforcement scheme, found in 29 U.S.C. § 216(b) and (c), that would be rendered superfluous if workers were able to circumvent that scheme while pursuing their FLSA rights." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007) (internal quotations omitted); *see also Roman v. Maietta Constr., Inc.,* 147 F.3d 71, 76 (1st Cir. 1998) (the FLSA is the exclusive remedy for enforcement of rights created under the FLSA) (*citing Tombrello v. USX Corp.*, 763 F. Supp. 541, 544 (N.D. Ala. 1991); *Nettles v. Techplan Corp.,* 704 F. Supp. 95, 100 (D.S.C. 1988) (same). Because the FLSA's enforcement scheme is an exclusive one, multiple courts have concluded that state law claims, which are based upon allegedly unpaid wages or overtime, are precluded under a theory of obstacle preemption.

A.    <u>Courts Routinely Dismiss State Law Claims as Preempted by the FLSA</u>.

In determining whether certain state law tort and contract claims are preempted by the FLSA, courts focus on whether the factual bases for those claims essentially duplicate, or are equivalent to, the claimants' respective FLSA claims. *Choimbol v. Fairfield Resorts, Inc.*, No. 2:05-cv-463 (E.D. Va. Sept. 11, 2006). In *Anderson*, 508 F.3d 181, the Fourth Circuit considered whether conflict preemption would displace state law claims for contract, negligence and fraud. The court noted that the state law claims at issue required essentially the same proof as the FLSA claim and that the claimants were invoking state law as a source of remedies for alleged FLSA violations. *Id.* at 193. Further, the court recognized that the FLSA does not explicitly authorize states to create alternative remedies for FLSA violations. *Id.* The *Anderson*

court stated that, "in the FLSA Congress manifested a desire to exclusively define the private remedies available to redress violations of the statute's terms" and that "Congress prescribed exclusive remedies in the FLSA for violations of its mandates." *Id.* at 194 *citing Kendall v. City of Chesapeake,* 174 F.3d 437, 443 (5th Cir. 1999) and *Roman,* 147 F.3d at 76 (finding that a plaintiff cannot circumvent the exclusive remedy for enforcement of rights created under the FLSA and prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim).   The Fourth Circuit held that the claimants' FLSA-based contract, negligence, and fraud claims were precluded under a theory of obstacle preemption. *Id.*   In other words, the court found that the state law claims were an obstacle to the accomplishment of Congress' full purposes and objectives in creating the FLSA.

The Fourth Circuit carefully examined the *Anderson* complaint.   The court determined that the claimants' "state claims all depend on establishing that Sara Lee violated the FLSA, either in good faith or willfully," because each cause of action cited Sara Lee's alleged failure to pay wages as the basis for the claim.   *Id.* at 193.   For example, in support of their negligence claim, Plaintiff alleged that Sara Lee "carelessly" failed to pay wages due; in support of their contract claim, Plaintiff alleged that Sara Lee "breached its promise" to pay wages due; and in support of their fraud claim, Plaintiff alleged that Sara Lee "willfully refused to pay Class Members for compensable time."   *Id.*   Because the claimants' state law claims were based upon the same facts and circumstances as their FLSA claims (namely, failure to pay wages), the Fourth Circuit held that the those claims were preempted and should be dismissed. *Id.* at 194.

The reasoning of the Fourth Circuit applies directly to this case. Here, like in *Anderson,* Plaintiff's state law claims are duplicative of her FLSA claims asserted in *Stickle*. This Complaint does not assert state law claims wholly aside from or independent of the FLSA.

Rather, while Plaintiff states in her Complaint that she is not asserting claims for overtime wages recoverable under the FLSA, Plaintiff's state law claims are predicated on Defendants' alleged failure to properly compensate her, and she seeks to "recover unpaid wages and unpaid overtime," (Compl. ¶ 1), a requirement imposed by the FLSA. Because the FLSA provides the exclusive remedy for violation of its mandates, it preempts Plaintiff's FLSA-based state law claims.

The common law claims asserted by Plaintiff in this case have been dismissed on FLSA-preemption grounds by courts across the country. *See e.g., Johnston v. Davis Security, Inc.*, 217 F.Supp.2d 1224 (D. Utah 2002) (finding that "Plaintiff's common law claims are based on the same facts and circumstances as her FLSA claims," and dismissing as preempted claims for **conversion**, **unjust enrichment**, **fraud**, **misrepresentation**, **breach of contract**, among others); *Chen v. Street Beat Sportswear, Inc.*, 364 F. Supp.2d 269 (E.D.N.Y. 2005) (holding that common law **fraud** and **misrepresentation** claims were overtime claims directly covered by the FLSA); *Nettles v. Techplan Corp.*, 704 F. Supp. at 100 (holding that plaintiff's common law negligence claims were preempted by the FLSA); *Sorensen v. CHT Corp.*, Nos. 03 C 1609 and 03 C 7362, (consolidated proceedings) (N.D. Ill. March 9, 2004) (dismissing as preempted **unjust enrichment** claim that was based on the same factual assertions as claimants' FLSA claims); *Alexander v. Vesta Ins. Group, Inc.*, 147 F. Supp.2d 1223, 1240-41 (N.D. Ala. 2001) (dismissing **fraud** claims based on employer's alleged misrepresentations regarding overtime pay because "Plaintiff are merely attempting to recast what are clearly FLSA overtime claims").

        B.     <u>Plaintiff's Claims are Based on the Same Facts and Circumstances as Her FLSA Claims in *Stickle*.</u>

Here and in *Stickle*, Plaintiff alleges that Defendants promulgated certain policies (Community Work Policy, On-Call Pay Policy, Meal Break Policy and Unrecorded Work Time

Policy), which caused Plaintiff not to be paid for all of her time worked.  *See* Compl. ¶ 24; *Stickle* Compl. ¶ 248.  In this regard, Plaintiff's state claims all require Plaintiff to prove that Defendants violated the FLSA by failing to pay her for all hours worked.  For example, Plaintiff's breach of contact claim alleges that, "Defendants willfully breached the express or implied contract term by failing to pay Class Members for all of the hours Class Members worked." Compl. ¶ 241.  In order to succeed on her breach of contract claim, Plaintiff must prove that Defendants failed to pay her for all hours worked, which itself is a violation of the FLSA.  The same is true of Plaintiff's other common law claims:

- Plaintiff's fraud claim alleges that, "[a]s a direct and proximate cause of the fraud committed by defendants, Class Members did not receive compensation for all hours worked and suffered damages" (Compl. ¶ 266);

- Plaintiff's unjust enrichment claim alleges that, "Defendants' willful failure to pay Class Members for all work performed for defendants pursuant to the policies and practices described herein, has unjustly enriched defendants to the detriment of Class Members" (Compl. ¶ 277);

- Plaintiff's conversion claim alleges that, "[i]n refusing to pay all wages due to Class Members for all hours worked, defendants knowingly, unlawfully and intentionally took, appropriated and converted the wages earned by Class Members for defendants' own use, purpose and benefit" (Compl. ¶ 298); and

- Plaintiff' misrepresentation claim alleges that, "[a]s a result of their reliance upon defendants' misrepresentations, Class Members suffered damages because they were not appropriately compensated with the regular or statutorily required rate of pay for all hours worked" (Compl. ¶ 308).

Just as Plaintiff alleges the <u>same pay violations</u> in this lawsuit as she does in *Stickle*, the remedies and damages that Plaintiff seeks here are the <u>same remedies</u> that she seeks in *Stickle*. For example, in *Stickle*, Plaintiff's prayer for relief seeks: "(a) an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations."  In this action, Ms. Walker seeks: "(a) an order permanently restraining defendants from engaging in the

aforementioned pay violations.   In *Stickle*, Plaintiff asks for: "(b) an award of the value of Plaintiff's unpaid wages."   This precise request also asserted in this case: "(b) an award of the value of the Class Members' unpaid wages, including fringe benefits."  (*See Stickle* Compl. p. 46; Compl. p. 43).

Because the FLSA provides the exclusive remedy for enforcement of rights created under the FLSA, Plaintiff cannot circumvent this provision by asserting equivalent state law claims in addition to her FLSA claims, particularly when Plaintiff is seeking the very same remedies in both actions.  *See Anderson*, 508 F.3d at 194; *Roman,* 147 F.3d at 76.  For these reasons, Plaintiff's state law claims are preempted by the FLSA and the Court must dismiss Plaintiff's Complaint.

## II.     The Rule Against Duplicative Litigation Mandates Dismissal of Plaintiff's Complaint.

This Court should not permit Plaintiff to simultaneously litigate her duplicative claims for unpaid overtime in this Court <u>and</u> in the District of Arizona.

### A.     This Court Has Inherent Power to Dismiss a Duplicative Class Action

As a general principle, duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conservations Dist. v. U.S.,* 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation.").  This principle rests "on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id. quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952). Preventing duplicative litigation between federal courts is intended to "conserve judicial resources, avoid piecemeal litigation, eliminate the risk of inconsistent adjudications, and 'to promote comity amongst federal courts of equal rank.'"  *White v. Williams*, 179 F. Supp. 2d 405,

423 (D.N.J. 2002) *citing E.E.O.C. v. University of Pa.,* 850 F.2d 969, 971-72 (3d Cir. 1988).  It is also designed to protect parties from the vexation of concurrent litigation over the same subject matter.  *Adam v. Jacobs,* 950 F.2d 89, 93 (2d Cir. 1991).  Accordingly, it is within this Court's discretion to dismiss a claim that is duplicative of a claim in a different federal court.  *Landis v. North Am. Co.*, 299 U.S. 248, 245 (1936) (there is a "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

The possibility for judicial duplication of effort is particularly high in class actions. *Romine v. CompuServe Corp.*, 160 F.3d 337, 341 (6th Cir. 1998).  Accordingly, the rule against duplicative litigation applies equally to putative class actions.  *See Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979) (affirming dismissal of complaint to the extent that it sought the same relief as in an earlier-filed class action commenced in a different district court, observing that "a court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result"); *see also Tate v. Werner*, 68 F.R.D. 513, 520 (E.D.Pa. 1975) (dismissing a class action on the ground that a previously certified class action raised the same issue and included all the members of the Tate class).

Generally, a suit is duplicative when substantially the same parties are contemporaneously litigating substantially the same issues.  *See New Beckley Mining Corp. v. International Union,* UMWA, 946 F.2d 1072, 1073 (4th Cir. 1991).  Here, there can be no doubt that the concurrent federal actions are duplicative.  Both actions involve the same Plaintiff, same Plaintiff's counsel, same alleged employer, and same factual issues.  In both cases, Plaintiff claims that Defendants maintained certain policies that caused her not to be paid for all of the time that she worked (*see* Compl. ¶ 24; *Stickle* Compl. ¶ 248) and she seeks the same relief as a

result (*see* Compl. p. 43; *Stickle* Compl. "Wherefore clause" p. 46).  Moreover, dismissing this action will not compromise any of Plaintiff's legal rights because Plaintiff can pursue all of the unpaid wages she is seeking from Defendants in *Stickle*.  This fact alone should prevent Plaintiff from seeking the same wages in concurrent federal forums.    Accordingly, this Court should exercise its discretion and dismiss the present action.

B.     This Complaint Is Duplicative of the "First-Filed" <em>Stickle</em> Action.

The "first-filed rule," which mandates dismissal of subsequently-filed duplicative lawsuits, warrants dismissal of this action in favor of *Stickle*.  The Fourth Circuit endorses the first-filed rule.  *See Ellicott Machine Corporation v. Modern Welding*, 502 F.2d 178, p. 187 n. 2 (4th Cir. 1974); *PBM Nutritionals v. Dornoch*, 667 F.Supp.2d 623, 632, (E.D.Va. 2009).  The rule rests on principle of comity.  *Id.*  "

This Court should dismiss Plaintiff's Complaint in accordance with the first-filed rule given the similarity of the parties and issues involved in this action and the Arizona FLSA action.  *See White v. Peco Foods, Inc.*, 546 F.Supp. 2d 339, 342 (S.D. Miss. 2008) (applying the first-filed rule when there is substantial overlap in issues and parties); *Steavens v. Electronic Data Systems Corp.*, 2008 WL 5062847 at *1 (E.D. Mich. Nov. 25, 2008) (finding that in order for the first-filed rule to apply "[t]he parties and issues need not be identical; the proper inquiry is whether they substantially overlap."); *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 686, 688 (E.D. Tenn. 2005) ("Importantly, the parties and issues need not be identical.  Rather, the crucial inquiry is whether the parties and issues substantially overlap").  As set forth above, the parties and issues in this action substantially overlap those presented in *Stickle*.

Attached as Exhibit 3 is a side-by-side comparison in *Stickle* and the present case.  To have both this Court and United States District Court for the District of Arizona adjudicate what

are clearly identical facts and allegations would be a waste of judicial resources, this Court's time, and the parties' money.  Accordingly, Defendants respectfully request an order dismissing the Complaint in favor of the first-filed *Stickle* lawsuit.

### III.   All of Plaintiff's Claims Are Defective.

#### A.   Plaintiff's Express And Implied Contract Claims (Counts One and Four) Should Be Dismissed.

To survive a 12(b)(6) motion to dismiss, a complaint must contain "more than labels and conclusions"; it must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Thus, "[d]ismissal is proper where a plaintiff fails to plead the basic elements of a claim." *Cruise v. Doyle*, 2008 WL 116703, at *2 (S.D.N.Y. Jan. 9, 2008). In this regard,"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009).

In Counts One and Four, Plaintiff attempts to assert claims for breach of contract and breach of implied contract. But, Plaintiff's Complaint proffers nothing more than "labels and conclusions" in this regard, failing to state a claim.

To state a claim for breach of contract, under Virginia law plaintiff must allege (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004).  And, especially in light of the Supreme Court's seminal decisions in *Twombly*, 550 U.S. 444, and *Iqbal*, 129 S.Ct. 1937, a plaintiff cannot survive a motion to dismiss merely by pleading that a contract exists and was breached.  Rather, a plaintiff "must plead, with a good faith basis in their veracity, facts that, if

proved, would entitle him to relief for a breach of contract claim." *Shugart v. Ocwen Loan Servicing, LLC*, No. 2:09-cv-1123, 2010 WL 3894155, at *2 (S.D. Ohio Sept. 28, 2010).

Here, however, Plaintiff's conclusory allegations in Counts One and Four are insufficient. There are six Defendants. Three of them are individuals. Nowhere in the Complaint does it allege which defendant allegedly entered into an employment relationship with Ms. Walker. Nor is there any allegations that relate specifically to the "policies" that are alleged in Paragraph 24. For example, in this case, Ms. Walker worked for a subsidiary of Service Corporation International for a brief period ending in June 2006. However, the allegations relating to the policies (which are the basis for the breach of contract and breach of implied covenant claims) were modified as late as 2007. Moreover, there is no allegation that Ms. Walker ever spoke to any of the individual defendants or any statements were made by them relating to her employment. Without more, these two Counts must be dismissed.

        B.    <u>Plaintiff's Fraud and Misrepresentation Claims (Count Two and Six) Should be Dismissed</u>.

        1.    Plaintiff Has Failed to Sufficiently Allege Fraud.

Counts Two and Six attempt to assert claims for fraud and misrepresentation, but in essence they are identical. Count Six asserts a claim for misrepresentation, but the allegations are substantially identical to those asserted in Count Two for fraud. In fact, Plaintiff specifically incorporates every allegation set forth in Count Two in support of her misrepresentation claim. (Compl. ¶¶ 251-264). The elements of Count Six are similar to the elements of fraud. *Station No. 2 v. Lynch*, 280 Va. 166, 167 (2010). Therefore, the standard which applies for determining whether Plaintiff has stated a valid cause of action applies equally to both Counts.

A party attempting to assert a fraud claim "must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). To meet this requirement, a plaintiff must "at a

minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making misrepresentation and what he obtained thereby …. These facts are often referred to as the who, what, when, where, and how of the alleged fraud." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (citation omitted); *Mortarino v. Consultant Eng'g Servs.*, 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996) (quoting *Ciarochi v. Ciarochi*, 194 Va. 313, 315, 73 S.E.2d 402, 403 (1952)) (quotation marks and alterations omitted). To satisfy this requirement, the plaintiff must state facts which, if proved, establish all the elements of the claim. *See, e.g., Van Deusen v. Snead*, 247 Va. 324, 328-29, 441 S.E.2d 207, 209-10 (1994) (reviewing argument that a claim for fraud failed to allege facts to prove an element).

Plaintiff has not met these standards.  Plaintiff fails to allege any particulars about the alleged fraudulent misrepresentations.  Rather, Plaintiff generally alleges that "Defendants" falsely stated in their "policy manuals" that employees would be paid for all hours worked. *See generally* Compl. ¶¶ 251-267.  Plaintiff does not allege when these alleged statements were made, who made them, or who directed them to be made; nor does Plaintiff identify in which "policy manuals" the statements were allegedly contained, or who received those manuals. *Id*. Plaintiff's fraud claim is further deficient because Plaintiff fails to sufficiently allege that Defendants acted with fraudulent intent. *See* Fed. R. Civ. P. 9(b).  Plaintiff has not provided the particularity required under Rule 9, and Plaintiff's fraud claim fails.

2.     Plaintiff Improperly Recasts Her Contract Claims As Tort Claims.

Moreover, even if Plaintiff could plead fraud with particularity in this case (which she cannot), Count Two and Six would still fail because here Plaintiff has simply attempted to recast her contract allegations as a tort claim. (*Compare* Compl. ¶ 246 ("Defendants willfully breach

14

the express contract by failing to pay Class Members for all of the hours worked") *with* Compl. ¶ 198 ("As a direct and proximate cause of the fraud committed by Defendants, Class Members did not receive compensation for all hours worked. . . .").

This is something that Virginia courts do not permit. *See Abi-Najm v. Concord Condominium, LLC*, 699 S.E.2d 483, 488 (Va. 2010). In Virginia, a tort action will not lie when losses result solely from a breach of an agreement. *Abi-Najm*, 699 S.E.2d at 488; *see also Richmond Metro. Auth. v. McDevitt St. Bovis*, 507 S.E.2d 344, 347 (Va. 1998) ("[a] tort action cannot be based solely on a . . . breach of contract"). Only a breach of contract action, not tort, will compensate an aggrieved party duties breached and assumed by agreement. *Id*. In determining whether a cause of action sounds in tort or contract, Virginia courts have explained that a cause of action is grounded in contract if it would not arise absent a contract (because no duty to perform exists "apart from the contract"). *See Old Dominion Freight Line, Inc. v. Standard Sec. Life Ins. Co. of NY*, 2007 WL 6013705 (Va. Cir. Ct. 2007).

In *Station #2, LLC v. Lynch*, 695 S.E.2d 537, 540 (Va. 2010) the plaintiff sued for the breach of an oral agreement to install soundproofing material. *Id*. at 538. Plaintiff lost revenues after the landlord refused to permit the plaintiff to install soundproofing per their original agreement. *Id*. at 539. Plaintiff brought common law fraud and fraud in the inducement claims, but the Doctrine barred both claims. *Id*. at 540. The Virginia Supreme Court was clear that:

> Although we clearly have stated the proposition, we often must repeat it: an omission or non-performance of a duty may sound both in contract and in tort, but only where the omission or non-performance of the contractual duty also violates a common law duty. *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558, 507 S.E.2d 344, 347 (1998) (citing *Foreign Mission Bd. v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991)); *see also Dunn Constr. Co. v. Cloney*, 278 Va. 260, 266-67, 682 S.E.2d 943, 946 (2009); *Augusta Mutual*, 274 Va. at 205, 645 S.E.2d at 293.

*Id.* at 542.

Here, Plaintiff does not attempt to assert a tort claim distinct from her alleged breach of contract claim and, therefore, the claim is barred.

          **C.**    <u>Plaintiff's Unjust Enrichment/Restitution Claim (Count Three) Should Be Dismissed.</u>

Plaintiff also attempts to assert a quasi contract claim. In Count Three of her Complaint, Plaintiff asserts a claim of "Unjust Enrichment/Restitution." This claim should be dismissed.

First, the Complaint is bare bones. Plaintiff does not specifically identify which of the preceding Complaint paragraphs purportedly link to these claims. (Compl. ¶¶ 278-279). A review of those paragraphs which appear to relate reveals that Plaintiff has failed to plead how (if at all) each of the six Defendants was allegedly enriched. *See Schmidt v. Household*, 661 S.E. 2d 834, 842, 276 Va. 108, 116 (2008) (dismissing unjust enrichment claim where plaintiff failed to allege any details specifically against each individual defendant); *see also Provident Life & Accident v. Walker*, 9067 F.2d 985, 993 (4th Cir. 1990).

Here, Plaintiff vaguely alleges that "Defendants have received financial gain at the expense of class members." *See* Compl. ¶ 275. But Plaintiff has made no attempt to distinguish each Defendant, and she has completely neglected to identify how each Defendant was unjustly and personally enriched. Based on these bare pleadings, it is impossible to decipher who, exactly, was enriched and, therefore, the Court should dismiss her claim for unjust enrichment. *See Twombly*, 550 U.S. at 544; *Iqbal*, 29 S.Ct. at 1937.

Second, Count Three should be dismissed because a plaintiff is entitled to equitable relief only if there is not an adequate remedy at law. *See Di Giovanni v. Camden Fire Ins. Assn'n*, 296 U.S. 64, 69 (1935). In this case, Plaintiff is pursuing various legal remedies – FLSA claims, statutory remedies, and breach of contract remedies. Plaintiff has not – and cannot – articulate how such potential remedies are somehow inadequate, and, as such, her claim for equitable relief

16

fails. *See Cerdant, Inc. v. DHL Express (USA), Inc.*, 2009 WL 723149 at \*6 (S.D. Ohio March 30, 2009) (dismissing equitable claims where "Plaintiff have an adequate legal remedy in their breach of contract action" and "the equitable claims are based on the same conduct as the breach of contract action").

> D.   Plaintiff's Conversion Claim (Count Five) Should Be Dismissed.

In Count Five, Plaintiff attempts to assert a conversion claim, seeking recovery of allegedly unpaid wages.   In Virginia, an action for conversion arises "upon only the taking of identifiable, tangible personal property." *United Leasing Corp. v. Thrift Ins. Corp.*, 440 S.E.2d 902 (Va. 1994).  Here, where Plaintiff attempts to use a conversion claim to recover allegedly unpaid wages (Compl. ¶¶ 292-301), she has failed to state a claim. *See id.*

**CONCLUSION**

For the reasons set forth above, the Court should dismiss Plaintiff' Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

Respectfully submitted this 10th day of December, 2010.

By:   /s/James K. Cowan
LeClair Ryan
2000 Kraft Drive, Suite 1000
Blacksburg, Virginia 24060
(540) 443-3300 Direct
(540) 961-2941 Fax
James.Cowan@leclairryan.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Paul G. Beers
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P.O. Box 2887
Roanoke, VA  24001-2887

_____/s/  James K. Cowan_____

QB\850774.00038\11976770.1