IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JUANITA WALKER, on behalf of herself and all other employees similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>SERVICE CORPORATION INTERNATIONAL; SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., JANE D. JONES, GWEN PETTEWAY and THOMAS RYAN,<br><br>Defendants. | Case No. 4:10-CV0048-JKL |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT
<u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

ARGUMENT..................................................................................................... 1

I.    PLAINTIFF'S COMMON LAW CLAIMS SHOULD BE DISMISSED
      BECAUSE THEY ARE PREEMPTED BY THE FLSA........................................ 2

      A.    *Anderson* Controls*: the FLSA Preempts Common Law Wage and Hour
            Claims .......................................................................................... 3

      B.    Other Jurisdictions Find Preemption in Similar Circumstances ...................... 5

      C.    Plaintiff's Claims are Based on the Same Facts and Circumstances as
            Her FLSA Claims in *Stickle* ............................................................. 6

II.   THE RULE AGAINST DUPLICATIVE LITIGATION NECESSITATES
      DISMISSAL OF PLAINTIFF'S COMPLAINT ....................................................... 7

      A.    The First-Filed Rule Supports Dismissal of Plaintiff's Duplicative
            Claims .......................................................................................... 9

III.  PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN
      BE GRANTED ............................................................................................ 11

      A.    Plaintiff's Express and Implied Contract Claims Should be Dismissed ......... 11

      B.    Plaintiff's Fraud and Misrepresentation Claims Should be Dismissed........... 12

      C.    Plaintiff's Unjust Enrichment/Restitution Claims Should be Dismissed........ 14

      D.    Plaintiff's Conversion Claim Should be Dismissed ....................................... 15

CONCLUSION ................................................................................................. 16

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Anderson v. Sara Lee Corp.,*
  508 F.3d 181 (4th Cir. 2007) ...................................................................................2, 3, 4, 16

*Ashcroft v. Iqbal,*
  --- U.S. ---, 129 S.Ct. 1937 (2009)........................................................................................2, 12

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007)................................................................................................................1, 2

*Broussard v. Meineke Disc. Muffler Shops, Inc.,*
  155 F.3d 331 (4th Cir. 1998) ....................................................................................................14

*Byerson v. Equifax Information Servs., LLC,*
  467 F.Supp.2d 627 (E.D. Va. 2006) ...............................................................................9, 10, 11

*Choimbol v. Fairfield Resorts, Inc.,*
  No. 2:05cv463, 2006 WL 2631791 (Sept. 11, 2006)............................................................3, 5

*Colorado River Water Conservation Dist. v. United States,*
  424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)................................................................7

*Combined Ins. Co. of Am. v. Wiest,*
  578 F.Supp.2d 822 (W.D. Va. 2008) ........................................................................................14

*Cottle v. Bell,*
  2000 WL 1144623 (4th Cir. Aug. 14, 2000) (unpublished opinion) .....................................7, 8

*Devnew v. Brown & Brown, Inc.,*
  396 F.Supp.2d 665 (E.D. Va. 2005) .........................................................................................12

*Di Giovanni v. Camden Fire Ins. Assn'n,*
  296 U.S. 64 (1935)....................................................................................................................14

*E.E.O.C. v. Univ. of Pa.,*
  850 F.2d 969 (3rd Cir. 1988) ......................................................................................................9

*Ellicott Machine Corp v. Modern Welding,*
  502 F.2d 178. (4th Cir. 1974) .....................................................................................................9

*English v. General Electric. Co.,*
  496 U.S. 72 (1990)......................................................................................................................2

*Fed. Dep. Ins. Corp. v. S.A.S. Assoc.*,
   44 F.Supp.2d 781 (E.D. Va. 1999) ...................................................................14

*Fortaleza v. PNC Fin. Servs. Group, Inc.*,
   642 F.Supp.2d 1012 (N.D. Cal. 2009) ..............................................................13

*Frank Brunckhorst CO., L.L.C. v. Coastal Atl., Inc.*,
   542 F.Supp.2d 452 (E.D. Va. 2008) ..................................................................14

*Great Am. Ins. Co. v. Gross*,
   468 F.3d 199 (4th Cir. 2006) ...............................................................................7

*Harrison v. Westinghouse Savannah River Co.*,
   176 F.3d 776 (4th Cir. 1999) .............................................................................12

*Harte-Hanks Direct Mktg./Baltimore Inc. v. Varilease Tech. Fin. Group, Inc.*,
   299 F.Supp.2d 505 (D. Md. 2004) ....................................................................15

*I.A. Durbin, Inc., v. Jefferson Nat'l Bank*,
   793 F.2d 1541 (11th Cir. 1986) ...........................................................................7

*IBP, Inc. v. Alvarez*,
   546 U.S. 21 (2005)................................................................................................5

*In re Wal-Mart Wage and Hour Employment Practices Litigation*,
   490 F.Supp.2d 1091 (D. Nev. 2007)..................................................................15

*Johnston v. Davis Security, Inc.*,
   217 F.Supp.2d 1224 (D. Utah 2002) ...................................................................6

*Kendall v. City of Chesapeake, Va.*,
   174 F.3d 437 (4th Cir. 1999) ...............................................................................3

*Kitchen v. WSCO Petroleum Corp.*,
   481 F.Supp.2d 1136 (D. Or. 2007) ......................................................................5

*Leemon v. Burns*,
   175 F.Supp.2d 551 (S.D.N.Y. 2001)..................................................................13

*Mills v. Polar Molecular Corp.*,
   12 F.3d 1170 (2d Cir. 1993)...............................................................................13

*Motley Rice, LLC v. Baldwin & Baldwin, LLP*,
   518 F.Supp.2d 688 (D. S.C. 2007)...................................................................7, 8

*Mullins v. Sutherland*,
   109 S.E. 420 (1921) ...........................................................................................16

*Murray v. Cees of Virginia, Inc.*,
   29 Va. Cir. 95 (Va. Cir. Ct. 1992) ........................................................................12

*Nakash v. Marciano*,
   882 F.2d 1411 (9th Cir. 1989) ...............................................................................8

*Old Dominion Freight Line, Inc. v. Standard Sec. Life Ins. Co. of NY*,
   No. CH05-1870, 2007 WL 6013705 (Va. Cir. Ct. 2007) ........................................14

*Paukstis v. Kenwood Golf & Country Club, Inc.*
   241 F.Supp.2d 551 (2003) .......................................................................................3

*PBM Nutritionals v. Dornach*,
   667 F.Supp.2d 623 (E.D. Va. 2009) .........................................................................9

*Perez v. Mountaire Farms, Inc.*,
   601 F.Supp.2d 670 (D. MD. 2009) ...........................................................................5

*Roman v. Maietta Construction, Inc.*,
   147 F.3d 71 (1st Cir. 1998) .......................................................................................7

*Romine v. Compuserve Corp.*,
   160 F.3d 337 (6th Cir. 1998) ...................................................................................8

*Samsung Electronics Co., Ltd. v. Rambus, Inc.*,
   386 F.Supp.2d 708 (E.D. Va. 2005) .........................................................................9

*Serlin v. Arthur Andersen & Co.*,
   3 F.3d 221 (7th Cir. 1993) .......................................................................................7

*Station #2 LLC v. Lynch*,
   695 S.E.2d 537 (Va. 2010) ...............................................................................13, 14

*Strum v. Exxon Co.*,
   15 F.3d 327 (4th Cir. 1994) ....................................................................................14

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ..................................................................................13

*Tate v. Werner*,
   68 F.R.D. 513 (E.D. Pa 1975) ..................................................................................8

*Tennessee Coal, Iron & Railroad Co. v. Muscoda Local 123*,
   321 U.S. 590 (1944) .............................................................................................4, 5

*Thomas v. Home Depot USA, Inc.*,
   527 F.Supp.2d 1003 (N.D. Cal. 2007) ....................................................................16

*Tombrello v. USX Corp.*,
 763 F.Supp. 541 (N.D. Ala. 1991) ...................................................................5, 6

*United Leasing Corp. v. Thrift Ins. Corp.*,
 440 S.E.2d 902 (Va. 1994) ...................................................................................16

*Washington v. Fred's Stores of Tennessee, Inc.,*
 427 F.Supp.2d 725 (S.D. Miss. 2006) ..................................................................4

## STATUTES

29 U.S.C. § 206 .........................................................................................................4

29 U.S.C. § 254(a) .....................................................................................................5

Fair Labor Standards Act of 1938 ...........................................................................10

VA. CODE § 40.1-28.9 ...........................................................................................6, 10

## OTHER AUTHORITIES

29 C.F.R. Part 785 .....................................................................................................5

Fed. R. Civ. P. 9(b) ...............................................................................................2, 13

Fed. R. Civ. P. 12(b) ................................................................................................13

Fed. R. Civ. P. 12(b)(6) .............................................................................1, 2, 15, 16

Defendants Service Corporation International, *et al.* (collectively, "Defendants" or "SCI") submit this Reply Memorandum in Support of Their Motion to Dismiss Plaintiff's Complaint (Doc. 27). Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 37) ("Response") fails to provide any legal authority that precludes this Court from dismissing Plaintiff's Complaint.

## INTRODUCTION

This is but one of numerous cases brought by Plaintiff's counsel against Service Corporation International and various of its subsidiaries (collectively, "SCI") alleging the failure to pay employees for hours worked, including overtime. In this action, Plaintiff has pleaded six common law claims, all of which are preempted by the Fair Labor Standards Act ("FLSA") and cannot, as a matter of law, be maintained. Even if they were not preempted, each of Plaintiff's common law claims is defective under Virginia state law. Plaintiff has failed to allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561-64 (2007). Under these circumstances, Plaintiff's Complaint should be dismissed without further delay.

## ARGUMENT

The well-known standard for a motion to dismiss is set forth in Defendants' Memorandum in Support of Their Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Def.'s Mem. in Support"). (Doc. 28) In her Response, Plaintiff argues that dismissal is not appropriate "unless it appears certain that plaintiffs can prove no set of facts in support of their claims." Response (Doc. 37) at 4. But the

Supreme Court abandoned the "no set of facts" standard articulated in such cases and adopted a more expansive standard related to the "plausibility" of the claims. *See Ashcroft v. Iqbal,* --- U.S. ---, 129 S.Ct. 1937, 1949 (2009); *Twombly,* 550 U.S. at 561-64. Here, Plaintiff simply has not established the "facial plausibility" required to "unlock the doors of discovery." *Iqbal,* 129 S.Ct. at 1949-50. Regardless, even if she has sufficiently alleged "more than the mere possibility of misconduct" (Plaintiff has not), the Complaint fails to show that she is "entitled to relief." *Id.*[1]

## I.      PLAINTIFF'S COMMON LAW CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE PREEMPTED BY THE FLSA

Preemption is appropriate when a state law "stands as an obstacle to the accomplishment and execution of the full purposes and objective of Congress." *English v. General Electric. Co.,* 496 U.S. 72, 78-79 (1990). State common law claims that provide new and different remedies in place of the FLSA's specific remedies for violations thereunder frustrate the comprehensive regulatory and remedial scheme that Congress carefully devised and balanced among society's competing interests in this area. *See Anderson v. Sara Lee Corp.,* 508 F.3d 181, 192-94 (4th Cir. 2007).

Defendants have established that Plaintiff's common law claims are preempted[2] by the FLSA (pursuant to which Plaintiff has asserted numerous other class action lawsuits throughout the county). All of Plaintiff's common law claims (*see* Complaint ("Compl.") (Doc. 1) ¶¶ 238-310) are based upon the identical facts stated in the Factual

---

[1] Moreover, as Plaintiff concedes, Plaintiff's fraud claims are held to an even  higher standard under Fed. R. Civ. P. 9(b) than the general Fed. R. Civ. P. 12 (b)(6) standard.  *See* Response (Doc. 37) at 16.
[2] The theory of obstacle preemption, which is a subset of conflict preemption,  controls this analysis. *See Anderson*, 508 F.3d at 194; *see also* Response (Doc. 37) at 6-7.

Background section of her Complaint (*id.* ¶¶ 212-237).   Each common law claim incorporates by reference all of the specifically alleged wage policies that are fully set forth in the Factual Background section of her Complaint.  Compl. (Doc. 1) ¶¶ 217-237. Each of these allegations are similarly included in the Factual Background of the *Stickle* Complaint.  *Stickle* Complaint, Docket 28-1, ¶ 248 (a-b, e and g); *see also* Compl. Comparison (Doc 28-3).   Because Plaintiff's claims are based upon the identical allegations in the *Stickle* case, all of Plaintiff's common-law claims are preempted.

### A.   *Anderson* Controls*:* the FLSA Preempts Common Law Wage and Hour Claims

The Fourth Circuit has unequivocally declared that  the FLSA preempts Plaintiff's common law claims for unpaid wages.  *See Anderson,* 508 F.3d at 192-94.  In *Anderson,* the Court held that the FLSA preempts state law claims that require the same proof as an FLSA claim or that create alternative remedies for FLSA violations.  *Id.* at 193.  Plaintiff tries to sidestep preemption by criticizing the *Anderson* Court's reliance on *Kendall v. City of Chesapeake, Va.,* 174 F.3d 437, 442 (4th Cir. 1999) and the Court's "fail[ure]" to explain its decision holding that state law claims are an obstacle to enforcement of the FLSA.  *See* Response (Doc. 37) at 9.  Thus, Plaintiff attempts to deny that *Anderson* is binding authority on this issue.

Ignoring the Fourth Circuit's clear precedent on this issue, Plaintiff instead relies on two cases which *Anderson* and an Eastern District of Virginia case, *Choimbol v. Fairfield Resorts, Inc.,* No. 2:05cv463, 2006 WL 2631791 (Sept. 11, 2006), flatly rejected.  *See* Response (Doc. 37) at 6-8 citing *Paukstis v. Kenwood Golf & Country*

*Club, Inc.* 241 F.Supp.2d 551 (2003) and *Washington v. Fred's Stores of Tennessee, Inc.,* 427 F.Supp.2d 725 (S.D. Miss. 2006). Plaintiff proceeds to argue that *Anderson* is inapposite and that her claims are not duplicative of the FLSA because she (1) does not assert claims for ***overtime*** and (2) seeks payment for work performed (but uncompensated) pursuant to the Defendants' alleged unlawful policies and practices. In doing so, Plaintiff disregards the allegations in her Complaint, and fails to recognize that the FLSA governs the nonpayment of wages, which includes the requirement to pay a minimum wage. *See* 29 U.S.C. § 206. In her Response, Plaintiff asserts that the Complaint merely seeks relief for the "failure to compensate plaintiffs for all hours worked regardless of whether plaintiffs were still paid the minimum wage and regardless of whether plaintiffs worked overtime." Response (Doc. 37) at 7 citing Compl. (Doc. 1) ¶¶ 234, 242-43, 254-55, 273-74, 284-85, 295-96. To the contrary, the cited paragraphs allege only that Plaintiff is "not asserting claims under this cause of action for overtime wages" or that "[t]he alleged policies were not limited to overtime hours worked." Stated differently, the Complaint is void of any exclusion of a minimum wage claim, despite its express allegations that the unpaid wages are not related to overtime. The Complaint clearly does not foreclose a minimum wage law claim.

Plaintiff further overlooks the FLSA's mandate that all covered employees be paid for ***all hours worked***. *See Tennessee Coal, Iron & Railroad Co. v. Muscoda Local 123,* 321 U.S. 590, 597-98 (1944) (and its progeny) (FLSA is "indication of a Congressional intention to guarantee either regular or overtime compensation for all actual work or

employment").[3]  Significantly, the Department of Labor has promulgated extensive regulations defining "hours worked" under the very type of policies and practices alleged by Plaintiff. *See* 29 C.F.R. Part 785. Undisputedly, Plaintiff's assertion that SCI's alleged policies caused Plaintiff to not be paid for all time worked is governed by the FLSA.

Plaintiff also tries to sidestep this Court's sister-court-decision in *Choimbol. See* Response, Docket 37, pp. 10-11.  Plaintiff's efforts are misplaced for the same reasons discussed regarding *Anderson's* binding precedence on this issue.  In *Choimbol,* the Eastern District of Virginia dismissed plaintiff's unjust enrichment claim because it "merely recast[] the central claim in this case: violation of the FLSA."  2006 WL 2631791 at *4-6.  In so holding, the Court noted  "Congress' clear intent that the FLSA be the sole remedy available to employees for the enforcement of whatever rights he may have under the FLSA." *Id.*  Like *Choimbol,* Plaintiff asserts claims that ***are*** covered by the FLSA: namely, minimum wage claims and violations of policies regarding the method of calculation of hours worked.  Therefore, Plaintiff's claims are preempted.

### B.    Other Jurisdictions Find Preemption in Similar Circumstances

Although Plaintiff ignores them, numerous other preemption cases discussed in Defendant's Memorandum further support dismissal of Plaintiff's Complaint.  Def's Mem (Doc. 28) at 5-7.  For example, in *Tombrello v. USX Corp.*,  the Court dismissed an employee's state law claims for unpaid wages because a "plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in

---

[3] The Portal-to-Portal Act, 29 U.S.C. § 254(a), overruled *Tennessee Coal*, in part, on other grounds. *See IBP, Inc. v. Alvarez,* 546 U.S. 21, 28-29 (2005); *Perez v. Mountaire Farms, Inc.,* 601 F.Supp.2d 670, 674-75 (D. MD. 2009); *Kitchen v. WSCO Petroleum Corp.,* 481 F.Supp.2d 1136,  1152 (D. Or. 2007).

addition to the FLSA action."   763 F.Supp. 541, 545 (N.D. Ala. 1991)   *Tombrello* involved an employee that was not compensated for four consecutive days' work.  *Id.* Though the Court focused its discussion regarding the state law wage and hour claims on the obvious minimum wage law violation under the FLSA, the plaintiff clearly was also owed straight time compensation for unpaid hours of work.  Id. at 543.

Further, in *Johnston v. Davis Security, Inc.,* in deciding Plaintiff's state common law claims were preempted, the Court specifically pointed out that no "state statutory claims" were raised—"only common law claims."  217 F.Supp.2d 1224, 1228 (D. Utah 2002) (common law claims, including, conversion, unjust enrichment, fraud, and negligence were preempted because the facts presented did "not give rise to actions separate from Plaintiff's FLSA claims").  Here, Plaintiff cannot assert any state statutory wage claim because Virginia specifically excludes employees covered under the FLSA from its statutory wage and hour protections (VA. CODE § 40.1-28.9.(B)(12)) and Plaintiff concedes that she is covered under the FLSA based upon her claims in *Stickle*. Accordingly, like *Tombrello* and *Johnston,* Plaintiff's common law claims are preempted.

### C.   Plaintiff's Claims are Based on the Same Facts and Circumstances as Her FLSA Claims in *Stickle*

Plaintiff denies that her claims in this action are based on the identical factual allegations, and seek the identical recovery, as the *Stickle* action.  She argues that her common law claims seek relief for wrongful conduct ***not*** covered or prohibited by the FLSA.  However, as explained above, the instant action and the *Stickle* action are based upon the identical wrongful conduct.  There simply is no alleged wrongful conduct that

the common-law claims in this action are based upon that is different in any way from the alleged wrongful conduct alleged in Plaintiff's FLSA claims in *Stickle*. It is simply indisputable that both actions are grounded in the identical facts regarding the nonpayment of wages.

Since Plaintiff may obtain relief under the FLSA for the identical claims asserted here, she cannot recover again under state law. *See Roman v. Maietta Construction, Inc.,* 147 F.3d 71, 76 (1st Cir. 1998).

## II.  THE RULE AGAINST DUPLICATIVE LITIGATION NECESSITATES DISMISSAL OF PLAINTIFF'S COMPLAINT

The Fourth Circuit will dismiss a case if it is duplicative of another action pending in federal court. *Cottle v. Bell*, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) (unpublished opinion) (citing *I.A. Durbin, Inc., v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1551 (11th Cir. 1986)); *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 206 (4th Cir. 2006) ("As between two federal district courts, the general rule is that duplicative litigation should be avoided."); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (duplicative litigation is to be avoided); *Motley Rice, LLC v. Baldwin & Baldwin, LLP*, 518 F.Supp.2d 688, 697 (D. S.C. 2007) (explaining that the Court has authority to dismiss a federal suit "for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court") (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)).

In dismissing such actions, the Fourth Circuit has explained that lawsuits are duplicative "if the parties, issues and available relief do not ***significantly*** differ between the two." *Cottle,* 2000 WL 1144623, at *1 (emphasis added) (concluding that the actions were not duplicative because the defendants were completely different in the second action). Similarly, the Sixth Circuit has explained that two lawsuits will be considered "duplicative" despite slight differences in the actions when (1) the parties are substantially similar and (2) the claims are "predicated on the same allegations as to the same material facts . . ." *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998)[4] (explaining that "'[E]xact parallelism' is not required; '[i]t is enough if the two proceedings are substantially similar.'") (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)). *See also Motley Rice, LLC*, 518 F.Supp.2d at 698-99 (finding litigation to be duplicative where it was based upon the same underlying contractual arrangement and the plaintiff sought substantially similar relief in both actions).

Here, Plaintiff is merely alleging different causes of action based upon the same allegedly wrongful conduct by Defendants. This constitutes an impermissible attempt to force Defendants to litigate the same matters in separate federal courts. *See Tate v. Werner,* 68 F.R.D. 513, 520 (E.D. Pa 1975) (finding dismissal of duplicative class action litigation warranted).

---

[4] Plaintiff attempts to distinguish *Romine*. Plaintiff's primary ground is that that the putative classes and theories of recovery were identical in the four concurrent actions in *Romine* and thus justifying the court's decision. Response (Doc. 37) at 12-13. To the contrary, the court explained that the actions were identical in "every important respect," ***even though the named plaintiffs were different***, and—as here—***the federal court action did not include the state statutory and common law claims that were asserted in the state court action***. 160 F.3d at 339-42.

## A.    The First-Filed Rule Supports Dismissal of Plaintiff's Duplicative Claims

Based upon the "first-filed rule," this action should be dismissed in favor of *Stickle.* The first-to-file rule provides that "[i]n all cases of federal concurrent jurisdiction, the court that first has possession of the subject must decide it." *Byerson v. Equifax Information Servs., LLC*, 467 F.Supp.2d 627, 635 (E.D. Va. 2006) (quoting *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3rd Cir. 1988)). *Ellicott Machine Corp v. Modern Welding,* 502 F.2d 178, 187, n.2. (4th Cir. 1974); *PBM Nutritionals v. Dornach,* 667 F.Supp.2d 623, 632 (E.D. Va. 2009). The first-to-file rule rests on a policy of avoiding duplicative litigation and conserving judicial resources. *Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 386 F.Supp.2d 708, 715 (E.D. Va. 2005).

Contrary to Plaintiff's assertions, this action is duplicative of *Stickle*. First, the purported class members are the same, regardless of Plaintiff's suspicions that certain purported class members may not opt-out of this action. Significantly, the complaint does not restrict the proposed class definition to only Virginia employees, as Plaintiff now contends. Response (Doc. 37) at 13. Plaintiff defines Class Members identically in the two Complaints—without geographic limitation—as those "employees of Defendants who were suffered or permitted to work by [D]efendants and not paid their regular or statutorily required rate of pay for all hours worked." Compl. (Doc. 1) ¶ 23; *Stickle* Compl. ¶ 27, Doc. 28-1. Courts have previously refused to permit a plaintiff to litigate substantially similar class actions in two separate forums where the claims involved "the same provision of federal law and the same basic conduct by the same [ ] defendants,"

9

*even though there were differences in the proposed class definitions*.  *Byerson*, 467 F.Supp.2d at 636.  In *Byerson*, this Court explained that the rules relating to prevention of duplicative litigation have special significance in a class action context, due to the need for uniform interpretation of class action issues, such as composition of the classes and sub-classes.  *Id.*    Thus, for this reason alone, this action should be dismissed as duplicative.

Second, Plaintiff's claims here are so substantially similar to the claims raised in *Stickle* that Plaintiff should not be permitted to litigate them in a separate forum.  Although Plaintiff has asserted state common law claims in this action, both lawsuits arise out of the same set of facts and involve the "same basic conduct [ ] by the same defendants," *i.e.*, the Defendants' purported failure to compensate Plaintiff for all hours worked.  *See Byerson* 467 F.Supp.2d at 635.  Contrary to Plaintiff's assertions, both actions assert claims under the FLSA.  In her Complaint in this action Plaintiff repeatedly alleges that she was not paid her *"statutorily required rate of pay"* and that Defendants violated their *"statutory obligations."*  Compl. ¶¶ 212, 213, 215.  Because Virginia law expressly excludes from coverage under its state wage and hour statutes any employee covered under the FLSA, there can be no dispute that Plaintiff's only possible *statutory* claims are under the FLSA.  *See* VA. CODE § 40.1-28.9.(B)(12) (excludes from the definition of employee "[a]ny person whose employment is covered by the Fair Labor Standards Act of 1938 as amended.")  Based upon the currently pending *Stickle* action (which is an action under the FLSA), Plaintiff concedes she's a covered employee under the FLSA.  Because Plaintiff is excluded from coverage under Virginia's statutory wage

and hour protections, the statutory violations asserted in her Complaint in this action could only mean violations of the FLSA. Plaintiff is therefore not only attempting to impermissibly "prosecute [her] case piecemeal," in two separate forums, but is additionally alleging *identical* claims in two separate actions. Accordingly, the actions are duplicative.

Permitting Plaintiff to pursue duplicative actions is not only an inefficient use of scarce judicial resources, but would provide a means for class action plaintiffs to forum shop. That is particularly true here where Plaintiff's counsel has filed identical actions throughout the country, without restricting the putative class to employees of the state in which each action is filed. Under Plaintiff's interpretation of "duplicative" litigation, this Court would often find itself enmeshed in litigation pending in other federal courts to the detriment of the litigants themselves, as well as the judicial branch. *See Byerson*, 467 F.Supp.2d at 636 (finding transfer warranted where class action plaintiffs brought duplicative litigation, noting that one court's determination of class action issues would better protect the rights of the potential class members, ensuring that none of their claims "fall through the cracks.").

### III.   PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

#### A.   Plaintiff's Express and Implied Contract Claims Should be Dismissed

In her Complaint, Plaintiff has merely provided "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Having failed to provide more than labels and conclusions, Counts One and Four should be dismissed

for failing to state a claim upon which relief can be granted. *See Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 1949 (2009). Plaintiff has brought suit against multiple defendants, including particular individuals purportedly associated with SCI. Plaintiff, however, has not alleged that either she or the proposed class members entered into an employment contract with any of these particular individuals. Nor have they specified a contractual relationship with any particular Defendant entity. The Plaintiff has failed to provide adequate facts for the Court to assess which Defendants were parties to the alleged employment contracts, and Plaintiff's contract claims must therefore be dismissed.

Moreover, Virginia does not recognize a cause of action for breach of an implied covenant of good faith and fair dealing in an employment contract, particularly with regard to an at-will employment agreement. *Devnew v. Brown & Brown, Inc*., 396 F.Supp.2d 665, 671 (E.D. Va. 2005) ("[T]he Commonwealth does not recognize a cause of action for breach of an implied covenant of good faith and fair dealing in employment contracts, and in at-will employment contracts in particular."); *see also Murray v. Cees of Virginia, Inc*., 29 Va. Cir. 95, 96 (Va. Cir. Ct. 1992). Consequently, there is an additional, independent basis for dismissal of Count Four.

### B. Plaintiff's Fraud and Misrepresentation Claims Should be Dismissed

To adequately plead a fraud or misrepresentation claim, the plaintiff must provide "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v.*

*Westinghouse Savannah River Co*., 176 F.3d 776, 784 (4th Cir. 1999). "Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'" *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir. 1993). Plaintiffs must not only identify the alleged fraudulent statements, but must also "link the alleged fraudulent statements to particular [defendants]." *Id. See also Fortaleza v. PNC Fin. Servs. Group, Inc*., 642 F.Supp.2d 1012, 1021 (N.D. Cal. 2009) ("'Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'") (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007)).

Moreover, with regard to individual Defendants, the Plaintiff must allege the individuals "personally knew of, or participated in, the fraud." *Mills*, 12 F.3d at 1175. Plaintiff has failed to provide any such specificity, or allege personal participation by the individual Defendants. In addition, while Plaintiff correctly notes that Fed. R. Civ. P. 9(b) permits a plaintiff to aver intent generally, the complaint "must allege facts that raise a strong inference of fraudulent intent." *Mills*, 12 F.3d at 1175-76. *See also Leemon v. Burns*, 175 F.Supp.2d 551, 556-57 (S.D.N.Y. 2001). Plaintiff has failed to provide any factual indications of Defendants' fraudulent intention, and the fraud claims must therefore be dismissed under Fed. R. Civ. P. 12(b).

Furthermore, Plaintiff's fraud claims should be dismissed because they are grounded exclusively on Defendants' alleged breach of contract. In Virginia, a plaintiff may not base a fraud claim solely upon the defendant's breach of contract. *Station #2*

*LLC v. Lynch*, 695 S.E.2d 537, 540 (Va. 2010); *Old Dominion Freight Line, Inc. v. Standard Sec. Life Ins. Co. of NY*, No. CH05-1870, 2007 WL 6013705, at *3 (Va. Cir. Ct. 2007); *Combined Ins. Co. of Am. v. Wiest*, 578 F.Supp.2d 822, 832-33 (W.D. Va. 2008). A tort claim is exclusively based upon a breach of contract if it would not arise apart from the contract. *Old Dominion, 2007 WL 6013705, at *3-4.* Thus, Plaintiff may not assert a separate fraud claim unless the breach of the contractual duty "also violates a common law duty." *Station #2*, 695 S.E.2d at 540 (concluding that the plaintiff had not properly pled a fraud claim where the only duty alleged was a contractual one). Here, Plaintiff's fraud claim is merely an impermissible "attempt by the plaintiff to manufacture a tort dispute out of what is, at bottom, a simple breach of contract claim." *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 346 (4th Cir. 1998) (quoting *Strum v. Exxon Co.*, 15 F.3d 327, 329 (4th Cir. 1994)).

## C. Plaintiff's Unjust Enrichment/Restitution Claims Should be Dismissed

Under Virginia law, a "party may not recover for claims sounding in quasi-contract or unjust enrichment when an express or implied contract already governs its relationship with a defendant." *Frank Brunckhorst CO., L.L.C. v. Coastal Atl., Inc.,* 542 F.Supp.2d 452, 465 (E.D. Va. 2008) (quoting *Fed. Dep. Ins. Corp. v. S.A.S. Assoc.*, 44 F.Supp.2d 781, 788 (E.D. Va. 1999)). This is a specific application of the general rule prohibiting a plaintiff from obtaining equitable relief where there is an adequate remedy at law. *See Di Giovanni v. Camden Fire Ins. Assn'n*, 296 U.S. 64, 69 (1935). Plaintiff does not dispute whether she would have an adequate legal remedy, but instead claims

that she should be permitted to plead an unjust enrichment claim as an alternative to her breach of contract claim.  Regardless of whether a plaintiff should be permitted to allege both breach of contract and unjust enrichment, Plaintiff here has failed to adequately do so.  In particular, an unjust enrichment claim must be dismissed under Rule 12(b)(6) where the plaintiff does not allege in the alternative that no contract existed between the parties.  *See id. See also Harte-Hanks Direct Mktg./Baltimore Inc. v. Varilease Tech. Fin. Group, Inc.*, 299 F.Supp.2d 505, 520-21 (D. Md. 2004).  As a result, Plaintiff cannot recover for unjust enrichment under Virginia law, and her claim must be dismissed.

### D.   Plaintiff's Conversion Claim Should be Dismissed

Plaintiff's conversion claim in Count V should also be dismissed.  Several federal courts have concluded that employees may not maintain conversion actions to recover unpaid wages.  For example, in *In re Wal-Mart Wage and Hour Employment Practices Litigation,* Wal-Mart employees brought suit alleging that *Wal-Mart* had altered their time records and seeking recovery under various common law and state statutory theories, including breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, unjust enrichment, and violation of state wage and hour laws. 490 F.Supp.2d 1091, 1099-1100 (D. Nev. 2007).  After analyzing the conversion law of each state involve in the case, the court concluded that states that apply the general rule— that a conversion action can be maintained only if the plaintiff is entitled to possess the property at the time of the conversion—would not recognize a conversion action for recovery of unpaid wages.  *Id.* at 1101-1116.

Virginia also applies the same general rule.  *See United Leasing Corp. v. Thrift Ins. Corp.*, 440 S.E.2d 902, 906 (Va. 1994) (explaining that under Virginia law, "[a]n action for conversion can be maintained only by one who has a property interest in and is entitled to the immediate possession of the thing alleged to have been wrongfully converted.") (citing *Mullins v. Sutherland*, 109 S.E. 420, 423 (1921)).  In addition, the Fourth Circuit has concluded that North Carolina would not recognize a conversion action based upon unpaid wages, and a California federal court has similarly concluded that a conversion action cannot be maintained for unpaid wages under California law owing to the comprehensive nature of California's remedial scheme.  *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 190 (4th Cir. 2007); *Thomas v. Home Depot USA, Inc.*, 527 F.Supp.2d 1003, 1010 (N.D. Cal. 2007).  Plaintiff has presented no contrary authority in support of her conversion claim.  Given this weight of authority that a conversion action cannot be based upon unpaid wages, and Virginia's comparable definition of conversion, this Court should find that Plaintiff's conversion claim similarly fails to state a claim upon which relief can be granted.

## **CONCLUSION**

For the reasons stated herein and in Defendants' Memorandum in Support of Their Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's Complaint should be dismissed in its entirety.

RESPECTFULLY SUBMITTED this 24th day of January, 2011.


By: /s/ James K. Cowan, Jr.
_____
James K. Cowan
LeClair Ryan
1715 Pratt Drive, Suite 2700
Blacksburg, Virginia 24060
(540) 443-3300 Direct
(540) 961-2941 Fax
James.Cowan@leclairryan.com


ATTORNEYS FOR DEFENDANTS


**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of January, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Paul Graham Beers (VSB No. 26725)
Attorney for Plaintiff
Glenn Feldmann Darby & Goodlatte
P.O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: 540.224.8035
Facsimile: 540.224.8050
pbeers@gfdg.com

Sarah E. Cressman  (appearing *pro hac vice*)
J. Nelson Thomas (appearing *pro hac vice*)
Annette Gifford (appearing *pro hac vice*)
Attorneys for Plaintiff
Thomas & Solomon LLP
693 East Avenue
Rochester, NY 14607
Telephone:  585.272.0540
Facsimile: 585.272.0574
scressman@theemploymentattorneys.com
nthomas@theemploymentattorneys.com
agifford@theemploymentattorneys.com


___/s/ James K. Cowan, Jr._____

17